FILED
CLERK
4/14/2015 10:55 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GUILIA BOTTA,

                Plaintiff,

-against-                         **OPINION AND ORDER**
                                            **12-CV-3403 (SJF)**

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.
----------------------------------------------------------X
FEUERSTEIN, District Judge.

      Before the Court is plaintiff's motion to alter or amend the judgment (DE 38) pursuant to Federal Rule of Civil Procedure ("FRCP") 59(e). For the following reasons, the motion is **DENIED**.

**I.    Background**[1]

      Plaintiff Guilia Botta ("plaintiff") was employed as a sewing machine operator in a bridal shop and became disabled as of December 28, 1998,[2] which limited her ability to sit, stand, walk and bend. Tr. 77, 78, 86. On April 26, 2001, plaintiff filed an application for social security disability benefits, claiming a back injury and bursitis in both shoulders. *Id*. at 66-68, 72–75. Plaintiff alleged that the heaviest weight she lifted was twenty (20) pounds[3] and that frequently she lifted ten (10) pounds. Plaintiff also claimed that her job required her to: sit for seven (7)

---

[1] The facts relevant to this Opinion are from the Opinion and Order (DE 37) granting the Commissioner's motion and denying plaintiff's cross-motion for judgment on the pleadings pursuant to FRCP 12(c). "Tr." refers to the administrative record.

[2] As of this date, plaintiff stopped working.

[3] At her October 2003 hearing, however, plaintiff testified that the heaviest weight she had to lift was thirty (30) pounds. Tr. 213.

hours per day; walk and stand for one (1) half-hour per day; and write, type or handle small objects for one (1) hour per day. *Id.* at 78, 87.

On September 6, 2001, the Commissioner of Social Security ("Commissioner") denied plaintiff's claim, finding that she was not disabled under Social Security's rules. *Id.* at 42. On or about November 9, 2001, plaintiff requested a hearing by an Administrative Law Judge ("ALJ"), alleging that the Commissioner's denial was contrary to the evidence and applicable law. *Id.* at 46-47. The ALJ issued two (2) unfavorable decisions which plaintiff appealed; the Appeals Council remanded the case and directed that it be reassigned to a different ALJ. *Id.* at 18-23; 361-77; 484-88. The newly assigned ALJ issued an unfavorable decision ("decision"); plaintiff appealed and the Appeals Council denied jurisdiction over the appeal. Thus, the decision became final and plaintiff filed this suit. *Id.* at 230; 318-39; 760-89. Based upon the Court's finding that the ALJ's decision was supported by substantial evidence and that she properly deviated from the treating physician's rule, the Commissioner's decision was affirmed in its entirety ("Order") and the case was dismissed. DE 37 pp. 24-25; 38.

Plaintiff moves (DE 39) pursuant to FRCP 59(e) to alter or amend the Order and Judgment on the grounds that neither the ALJ nor the Court addressed plaintiff's need to use her legs to perform her past occupation.

## II.   Discussion

### A.   Legal Standard

FRCP 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The standard for granting a motion under 59(e) is strict, *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), and is generally limited to

three (3) grounds: "(1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct a clear error or prevent manifest injustice," *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). The standards set forth in both FRCP 59(e) and Local Rule 6.3 are identical and a "motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision." *In re New York Cmty. Bancorp, Inc., Sec. Litig.*, 244 F.R.D. 156, 159 (E.D.N.Y. 2007) (citations omitted). *See Secured Sys. Tech., Inc. v. Frank Lill & Son, Inc.*, 08 Civ. 6256, 2011 WL 1599638, at *1 (W.D.N.Y. Apr. 27, 2011) ("[I]t is well settled that when making such a motion, the moving party must show that the Court overlooked the controlling decisions or factual matters that were put before the Court in the underlying motion.") (citing *Nakano v. Jamie Sadock, Inc.*, No. 98 Civ. 0515, 2000 WL 1010825, at *1 (S.D.N.Y. July 20, 2000); *Walsh v. McGee*, 918 F. Supp. 107, 110 (S.D.N.Y. 1996)). It is equally well-settled that Rule 59(e) "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.' " *Sequa Corp. v. GJB Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

**B.     Plaintiff's FRCP 59(e) Motion**

Plaintiff alleges that the Court overlooked the ALJ's failure to perform a function-by-function analysis of plaintiff's ability to use her legs to perform repetitive tasks, relevant to her past work as a seamstress, Mem. in Supp. p. 2; thus, plaintiff "does not ask the Court to reject any finding that the ALJ made," but asks the Court "to confirm that the ALJ failed to make a critical factual finding," Reply Mem. p. 1. Specifically, the Court is being asked "to rule that the

ALJ never assessed Plaintiff's ability to push, i.e., to operate leg controls when using a sewing machine." *Id.*

Plaintiff argues that "no doctor ever said that Plaintiff possessed an ability to use her legs repetitively to operate a sewing machine, and that issue was not addressed in the ALJ's decision or the Court's opinion and order." Mem. in Supp. p. 4. A review of plaintiff's memoranda[4] however, demonstrates that plaintiff did not raise this issue in her underlying motion, despite the availability of the same facts and evidence upon which the present application is based. *See Secured Sys. Tech.*, 2011 WL 1599638, at *1 (The moving party may not use a motion for reconsideration to advance new facts, arguments, or theories that were available but not previously presented to the Court."); *Graham v. Sullivan*, No. 86 Civ. 163, 2002 WL 31175181, at *2 (S.D.N.Y. Sept. 23, 2002) (same). Therefore, plaintiff's motion is denied as based upon facts which could have been presented in the underlying motion.

## III.  Conclusion

For the foregoing reasons, plaintiff's motion pursuant to FRCP 59(e) is **DENIED**.

**SO ORDERED**.

Dated: April 14, 2015
 Central Islip, New York

_____
 Sandra J. Feuerstein, U.S.D.J.

---

[4] *See* ECF DEs 32 and 33.